# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Michael Lewis,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 19-2163-JWL**

**KC Hopps, Ltd. et al,**

       **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiff filed a petition in state court alleging that defendants terminated his employment based on his race and/or disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiff also set forth a state law claim under the Kansas Wage Payment Act, K.S.A. § 44-313 et seq. Defendant KC Hopps, Ltd. removed the case to federal court. After defendant Chicken Emeritus, LLC failed to file an answer or other responsive pleading to plaintiff's petition, the clerk of the court entered default pursuant to Federal Rule of Civil Procedure 55(a).

This matter is now before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and request for hearing on damages, attorneys' fees and costs (doc. 47). The court retains the motion under advisement. In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court concluded that "when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits." *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir.1985) (citing

*Frow*, 82 U.S. 552 (1872)).  The *Frow* rule has been extended to cases alleging joint and several liability and cases "where multiple defendants have closely related defenses," *see Wilcox v. Raintree Inns of Am., Inc.*, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996), including discrimination cases where the defendants are related entities and the claims against all defendants arise from the same set of facts.  *See Loring v. Kwal-Howels, Inc.*, 2013 WL 1304466, at *2 (D. Kan. Mar. 27, 2013).  Plaintiff alleges in his petition that all of the defendants in this case operate as a single entity and that they are jointly and severally liable to plaintiff.  Thus, consistent adjudication of liability and damages as to all defendants is essential in this case.  The motion, then, is retained under advisement pending adjudication of plaintiff's claims against the remaining defendants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for default judgment (doc. 47) is retained under advisement pending resolution of plaintiff's claims against the non-defaulting defendants.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge